**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000242
18-JUL-2018
10:46 AM**

NO. CAAP-18-0000242

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JULIE PERALTA, Claimant-Appellant,
v.
MAUI MEMORIAL MEDICAL CENTER, Employer-Appellee,
and
ACCLAMATION INSURANCE MANAGEMENT SERVICES,
Insurance Carrier-Appellee.


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2016-388(M) (DCD NO. 7-95-10213))


ORDER GRANTING MOTION TO DISMISS APPEAL
FOR LACK OF APPELLATE JURISDICTION
(Ginoza, Chief Judge, Reifurth and Chan, JJ.)

Upon review of the May 30, 2018 motion filed by Employer/Appellee/Appellee Maui Memorial Medical Center and Insurance Carrier/Appellee/Appellee Acclamation Insurance Management Services (**Employer/Carrier**) seeking to dismiss the appeal of Claimant/Appellant/Appellant Julie Peralta (**Claimant**), pro se, from the February 16, 2018 Decision and Order of the Labor and Industrial Relations Appeals Board (**LIRAB)** that denied the reopening of her claim for additional permanent disability benefits (**Motion to Dismiss Appeal**), it appears as follows.

An aggrieved party may appeal a final decision and order by the LIRAB directly to the Hawai'i Intermediate Court of Appeals pursuant to Hawaii Revised Statutes (HRS) § 386-88 (2015) and HRS § 91-14(a) (2012). The appealability of a decision and order of the LIRAB is governed by HRS § 91-14(a). Bocalbos v.

Kapiolani Med. Ctr., 89 Hawai'i 436, 439, 974 P.2d 1026, 1029 (1999).

> For purposes of HRS § 91-14(a), we have defined "final order" to mean an order ending the proceedings, leaving nothing further to be accomplished. . . . Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.

Id. (citation and some internal quotation marks omitted). "[A]n order that finally adjudicates a benefit or penalty under the worker's compensation law is an appealable final order under HRS § 91-14(a), although other issues remain." Lindinha v. Hilo Coast Processing Co., 104 Hawai'i 164, 168, 86 P.3d 973, 977 (2004) (citation omitted).

The LIRAB's February 16, 2018 Decision and Order finally adjudicated whether Claimant was entitled to reopen her claim for workers' compensation benefits. Therefore, the LIRAB's February 16, 2018 decision and order is an appealable decision and order under HRS § 386-88 and HRS § 91-14(a).

However, Claimant filed her March 27, 2018 notice of appeal more than thirty days after the mailing of a certified copy of the February 16, 2018 decision and order, contrary to HRS § 386-88.[1] Consequently, Claimant's appeal is untimely, and we lack jurisdiction over the appeal.

THEREFORE, IT IS HEREBY ORDERED that the Motion to Dismiss Appeal is granted, and the instant appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, July 18, 2018.

Chief Judge

Associate Judge

Associate Judge

---

[1] Claimant attached to her March 27, 2018 notice of appeal a request for extension to file her notice of appeal, which did not cite any authority and which LIRAB denied.